UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AURELLIO BONILLA,<br>Plaintiff,<br><br>v.<br><br>CITY OF ALLENTOWN; CITY OF ALLENTOWN POLICE PENSION FUND ASSOCIATION; ED PAWLOSKI; JUILO GURIDY; RAY O'CONNELL; JOE DAVIS; JEANETTE EICHENWALD; DARYL L. HENDRICKS; CYNTHIA MOTA; PETER SCHWEYER; GARRET STRATHEAM; MARY ELLEN KOVAL; LOUIS COLLINS; IBOLYA BALOG; JAMES GRESS; RYAN KOONS; JEFF GLAZIER; MICHAEL WILLIAMS; and EDUARDO EICHENWALD,<br>Defendants. | : | No. 5:14-cv-05212 |

**OPINION**

**Plaintiff's Motion for Reconsideration of Summary Judgment Decision (Document 96) and to Certify the Matter for Appeal, ECF No. 97 – DENIED**

**Joseph F. Leeson, Jr.**
**United States District Judge**

**April 19, 2019**

## I. BACKGROUND[1]

Plaintiff Aurelio Bonilla, a former police officer with the City of Allentown, alleged that pursuant to a settlement agreement he entered into with the City of Allentown disposing of a 2012 employment-discrimination and workers compensation lawsuit, he was guaranteed a pension. After the Allentown Police Pension Fund denied his pension application in 2013, he initiated the instant action asserting retaliation claims under Title VII and the Pennsylvania Human Relations Act ("PHRA"); a retaliation claim under the First Amendment; due process

[1] A detailed recitation of the factual and procedural history is contained in the Court's Opinion dated February 13, 2019. *See* Opn., ECF No. 95.

and conspiracy claims pursuant to 42 U.S.C. §§ 1983 and 1985; and state tort and constitutional claims. Defendants filed motions to dismiss. While the instant action was pending and before the motions to dismiss had been decided, the state court reversed and remanded the denial of Bonilla's application for a disability pension to the Pension Board for further proceedings, which resulted in this case being stayed on January 7, 2015. The stay was lifted more than three and a half years later when the Court[2] learned that the pension proceedings were still not complete and it appeared that Bonilla had made little effort for more than two years to advance the proceedings before the Pension Board. The Court set deadlines to complete discovery and to file dispositive motions, after which Bonilla and the City Defendants filed motions for summary judgment.

On February 13, 2019, the Court issued a decision on all pending motions.[3] *See* Opn., ECF No. 95; Order, ECF No. 96. Summary judgment was entered in favor of the City on the breach of contract claim in Count IX.[4] All other claims were disposed of on the motions to

[2] The instant action was reassigned from the Honorable Lawrence F. Stengel to the Undersigned on September 14, 2018. ECF No. 37. Immediately thereafter, the Court ordered the parties to file a status report, and then scheduled a telephone conference. *See* ECF Nos. 38-40.

[3] The City Defendants' Motion to Dismiss, ECF No. 5, was granted in part; the Pension Board Defendants' Motion to Dismiss, ECF No. 6, was granted in part; the Pension Board Defendants' Supplemental Motion to Dismiss, ECF No. 28, was granted; the City Defendants' Motion for Summary Judgment, ECF No. 50, was granted in part; Bonilla's Motion for Partial Summary Judgment, ECF No. 51, was denied; and the City Defendants' Motions in Limine, ECF Nos. 53-54, were dismissed.

[4] In reviewing the Opinion and Order, the Court found one typographical mistake in the Opinion and one typographical mistake in the Order as it pertains to the breach of contract claim in Count IX. This mistake arose out of Bonilla's mislabeling of the counts in the Complaint, which contains two counts labeled "Count IX." *See* Compl. 28 and 31, ECF No. 1. The Court correctly stated in both the Opinion and the Order that summary judgment was granted in favor of the City as to the breach of contract claim in Count IX, but mistakenly referred to this count as "the first Count IX" and also "the second Count IX." The breach of contract claim is in fact the second Count IX in the Complaint. *See* Compl. ¶¶ 152-160. (The first Count IX is a state constitutional claim). In neither instance was the Court addressing the counts as they pertained to the Pension Board Defendants. Further, the single typographical mistake in the Opinion occurred in the Conclusion section, *see* Opn. 31, but throughout the Analysis section of the

dismiss. Counts I though VII, the first Count IX, Count XII, and Bonilla's equitable relief claims under the Pennsylvania Constitution were dismissed without prejudice, all other claims were dismissed with prejudice. The Court refused to continue to stay the instant proceedings and the case was closed. But, Bonilla was granted leave to reopen this action by filing an amended complaint as to any claims dismissed without prejudice within thirty days of the completion of the pension proceedings and any related appellate review.

On February 25, 2019, Bonilla filed a Motion for Reconsideration, arguing that:[5] (1) the Court conflated the motions to dismiss and for summary judgment, entering summary judgment for the Pension Board and its members even though these Defendants did not move for summary judgment and without notice of intent to convert their motion to dismiss into a motion for summary judgment; (2) the Court erred in applying the doctrine of ripeness because of the hardship the stay places upon Bonilla; (3) a procedural due process claim is ripe upon deprivation and can only be cured with *de novo* review; (4) the Court erred by not giving full faith and credit to the state court's finding of a procedural due process violation; and (5) genuine issues of fact preclude summary judgment on the fraud and breach of contract claims. *See* Recon. Mot. 2, ECF No. 97; Recon. Mem. 1-10, ECF No. 97-1.[6] In addition, Bonilla seeks certification

---

Opinion, the Court addressed the counts correctly. For these reasons, and because both Count IX's contain completely different claims and the Court consistently, and correctly, referred only to the breach of contract claim against the City as being ripe for summary judgment, no analysis is impacted by the typographical error. Notably too, although the Court once mistakenly referred to "the first Count IX" in the Order, *see* Order ¶ 6, this typographical error was immediately followed by citation to the correct paragraph numbers from the Complaint. Out of an abundance of caution, an amended Opinion and an amended Order will be issued correcting these two typographical mistakes, but because the Motion for Reconsideration makes no reference to the same, disposition of the Motion for Reconsideration is unaffected.

5 Although the Court has combined some of the issues, all of Bonilla's arguments are addressed herein.

6 Bonilla also alleges that "the Board has records that were not tuned [sic] over, and the Bard [sic] did not filed [sic] amended answered [sic] for the Admissions this Court directed the

of the order granting summary judgment for interlocutory appeal pursuant to 28 U.S.C. § 1292. *See id.*

## II. STANDARDS OF REVIEW

### A. Motion for Reconsideration

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). "Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law;[7] (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A motion for reconsideration "is not properly founded on a request that the Court rethink what [it] had already thought through—rightly or wrongly." *Pollock v. Energy Corp. of Am.*, 665 F. App'x 212, 218 (3d Cir. 2016) (internal quotations omitted). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *Continental Casualty Co. v. Diversified Indus.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

### B. Certification of Order for Interlocutory Appeal

Pursuant to 28 U.S.C. § 1292(b), a court may certify an order for interlocutory appeal when: (1) the order involves a controlling question of law, (2) as to which there is substantial

---

defendants to answer. The court did not comment on the admissions in its Decision on the summary judgment motion." *See* Recon. Mem. 3 n.3. This allegation is somewhat unintelligible and, regardless, does not support reconsideration.

[7] Because Bonilla does not suggest that there has been an intervening change in controlling law, the Court's analysis will focus on the remaining grounds for reconsideration.

ground for difference of opinion, and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation. *See* 28 U.S.C. § 1292(b). "The party seeking the interlocutory appeal has the burden to establish that all three conditions are met." *Harris v. Kellogg, Brown & Root Servs.*, No. 08-563, 2016 U.S. Dist. LEXIS 56193, at *4 (W.D. Pa. Apr. 27, 2016); *Orson, Inc. v. Miramax Film Corp.*, 867 F. Supp. 319, 320 (E.D. Pa. 1994). "Congress intended that section 1292(b) should be sparingly applied. It is to be used only in exceptional cases where an intermediate appeal may avoid protracted and expensive litigation and is not intended to open the floodgates to a vast number of appeals from interlocutory orders in ordinary litigation." *Milbert v. Bison Labs., Inc.*, 260 F.2d 431, 433 (3d Cir. 1958). Interlocutory appeals are disfavored because (1) "[p]ermitting piecemeal appeals would undermine the independence of the district judge, as well as the special role that individual plays in our judicial system," (2) of the "sensible policy of [avoiding] the obstruction to just claims that would come from permitting the harassment and cost of a succession of separate appeals from the various rulings to which a litigation may give rise," and (3) of "the important purpose of promoting efficient judicial administration." *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 374 (1981) (internal quotations omitted).

A party may also file an interlocutory appeal of orders "granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions, except where a direct review may be had in the Supreme Court." 28 U.S.C. 1292(a)(1). For an interlocutory order to be immediately appealable under § 1292(a)(1), the "litigant must show more than that the order has the practical effect of refusing an injunction." *Carson v. Am. Brands*, 450 U.S. 79, 84 (1981). "Because § 1292 (a)(1) was intended to carve out only a limited exception to the final-judgment rule, [the Supreme Court has] construed the statute narrowly to ensure that appeal

as of right under § 1292 (a)(1) will be available only in circumstances where an appeal will further the statutory purpose of [permitting] litigants to effectually challenge interlocutory orders of serious, perhaps irreparable, consequence." *Id.* (internal quotations omitted). "Unless a litigant can show that an interlocutory order of the district court might have a serious, perhaps irreparable, consequence, and that the order can be effectually challenged only by immediate appeal, the general congressional policy against piecemeal review will preclude interlocutory appeal." *Id.*

## III. ANALYSIS

### A. The Court did not improperly conflate the motions.

Contrary to Bonilla's assertion that the Court conflated the motions to dismiss and for summary judgment and improperly entered summary judgment for the Pension Board and its members, all claims against the Pension Board Defendants were disposed of on the basis of the motions to dismiss. *See* Opn. 31 (stating that other than the breach of contract claim against the City, "all claims are disposed of on the motions to dismiss"). Although the Court also evaluated the procedural due process and breach of contract claims against the Pension Board Defendants under the summary judgment standard, it did so on the basis of Bonilla's Motion for Partial Summary Judgment only. *See* Opn. 17-21. After Bonilla's Motion for Partial Summary Judgment was denied, the Court evaluated all counts under the motion to dismiss standard of review. *See id.* at 23-31. The claims were "dismissed," either with or without prejudice as clearly stated in the Opinion. Accordingly, the Court did not improperly enter summary judgment for the Pension Board Defendants without notice of intent to convert their motion to dismiss into a motion for summary judgment and there was no error in applying the standards of review. The Motion for Reconsideration on this basis is therefore denied.

### B. The Court did not reenter a stay and, regardless, Bonilla did not suffer the type of hardship contemplated to permit review of a premature claim.

Bonilla repeatedly complains about the "newly imposed stay." *See, e.g.* Recon. Mem. 2. He further asserts that the Court erred in applying the doctrine of ripeness because of the hardship the stay places upon him.

Initially, the Court notes that it specifically refused to continue the stay. *See* Opn. 32 (stating, "the Court will not continue to stay the instant proceedings"). Moreover, this decision was made despite Bonilla's request to "stay the motion." *See* Pl. Resp. City SJ 5, ECF No. 62. Bonilla's request for reconsideration based on the Court's alleged reentry of the stay is therefore frivolous.

Also frivolous is Bonilla's suggestion that the Court imposed an exhaustion requirement on his claims. Bonilla, asserting in the Motion for Reconsideration that § 1983 does not have an exhaustion requirement, argues that the Court "erred in staying the case for what would be exhaustion for a remand pension hearing." *See* Recon. Mem. 5. Contrarily, the Court specifically explained: "[u]nder the facts of the instant action, however, 'the issue of exhaustion does not have to be addressed because the question here is one of ripeness, not exhaustion.'" *See* Opn. 22 (quoting *Amanto v. Witlin*, 544 F. Supp. 140, 142 (E.D. Pa. 1982)). Despite the Court's clarification, Bonilla appears to confuse the principles of ripeness and of exhaustion, but his confusion is not grounds for reconsideration.

To the extent that the Court dismissed[8] the Complaint with leave to amend only after the pension proceedings were completed, this decision does not impose the type of hardship the courts contemplated as permitting review of a premature claim. *See CEC Energy Co. v. Pub. Serv. Com.*, 891 F.2d 1107, 1111 (3d Cir. 1989) (holding that "cases dealing with the issue of

[8] As explained in the Opinion, even if the claims were ripe, they failed to state a claim.

hardship have focused on the extent to which agency action limits the choices available to the parties"). Bonilla, ignoring that much of the delay has been a result of his own conduct[9] thereby eliminating the need to grant reconsideration to "prevent manifest injustice," complains of the financial hardship the "stay" places upon him. However, "[m]ere economic uncertainty affecting the plaintiff's planning is not sufficient to support premature review." *Wilmac Corp. v. Bowen*, 811 F.2d 809, 813 (3d Cir. 1987). Furthermore, despite Bonilla's suggestion that completion of the state process is likely to last years, the state court has entered an order directing that the pension hearing "occur between April 15, 2019 and May 1, 2019 *without any further delay or continuance*." Recon. Mem. 2; Attachment 1, ECF No. 97-2 (emphasis added). Because "judicial review is premature when an agency has yet to complete its work by arriving at a definite decision," the Court properly concluded that the claims are premature for adjudication. *See Felmeister v. Office of Attorney Ethics, Div. of N.J. Admin. Office of Courts*, 856 F.2d 529, 535 (3d Cir. 1988) (holding that the ripeness doctrine "seeks to avoid entangling courts in the hazards of premature adjudication" and the need to protect administrative agencies "from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties" (internal quotations omitted)). Moreover, as explained in the Opinion, even if the claims were ripe, they failed to state a claim. Thus, there was no clear error of law or fact in this regard necessitating reconsideration.

Bonilla's reference to allegedly new evidence of a continuing conspiracy to deny him procedural due process and the pension is also insufficient to warrant reconsideration because the alleged new evidence consists of a single sentence in a three-sentence email that Defendant

---

9 *See* Opn. 10 n.11, 32 n.26.

Glazier sent to his own counsel, who is not a defendant in this action.[10] How this seemingly privileged statement, which appears sarcastic, supports a conspiracy is befuddling. Further, as explained in the Opinion, the Complaint is devoid of allegations of a conspiracy. *See* Opn. 28. Even with this "new evidence," the alleged facts do not sufficiently show a concerted effort to deny Bonilla a pension or due process of law. Because the "new evidence" would not have changed the Court's conclusion, there is no need to grant reconsideration on this basis. *See Krauss v. Iris USA, Inc.*, No. 17-778, 2018 U.S. Dist. LEXIS 127660, at *2 (E.D. Pa. July 31, 2018) (denying the motion for reconsideration because the alleged new evidence did not change the court's conclusion).

**C. Bonilla's suggestion that a procedural due process claim is ripe upon deprivation and can only be cured with de novo review is incorrect.**

Bonilla asserts that a § 1983 claim is ripe upon deprivation. *See* Recon. Mot. 2. However, as it pertains to a procedural due process claim, the United States Supreme Court holds the opposite: "In procedural due process claims, . . . "[t]he constitutional violation actionable under § 1983 is not complete when the deprivation occurs; it is not complete unless and until the State fails to provide due process." *Zinermon v. Burch*, 494 U.S. 113, 126 (1990) (holding that to determine whether the state process was constitutionally adequate, the courts "examine the procedural safeguards built into the statutory or administrative procedure of effecting the deprivation, and any remedies for erroneous deprivations provided by statute or tort law"). *See also Felmeister*, 856 F.2d at 535 (holding that "judicial review is premature when an agency has yet to complete its work by arriving at a definite decision"); *Gniotek v. Philadelphia*, 630 F. Supp. 827, 831-32 (E.D. Pa. 1986) ("The plaintiffs' claim of deprivation of property without due

[10] Whether, if at all, this communication violated the state court's order directing the Pension Board not to have any discussions regarding Bonilla's pension application, as Bonilla suggests in the Motion for Reconsideration, is a matter for the state court.

process of law is therefore not ripe for determination because apparently the Board is currently reviewing whether plaintiffs will be barred from receiving their pensions."). As properly explained in the Opinion dated February 13, 2019, and discussed further herein, the due process claim is premature and does not warrant reconsideration.

Bonilla also asserts that because the state court did not conduct de novo review on appeal from denial of his pension application, this Court erred in denying his request for summary judgment on the procedural due process claim. *See* Recon. Mem. 5. Once again, however, Bonilla ignores precedent holding that such a claim is premature while procedures exist to seek a pension or review thereof. *See Zinermon*, 494 U.S. at 126 (holding that procedural due process claims are not actionable until the deprivation of property is complete); *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 434 (1982) ("To put it as plainly as possible, the State may not *finally* destroy a property interest without first giving the putative owner an opportunity to present his claim of entitlement." (emphasis added)); *Pappas v. City of Lebanon*, 331 F. Supp. 2d 311, 322 (M.D. Pa. 2004) (concluding that while state avenues exist for the retired police officer to seek/appeal retirement payments, no deprivation has occurred). Further, Bonilla's claim that "our Circuit holds only that there is no procedural due process claim where the due process deprivation is cured by an appeal with 'de nova [sic] review,'" misconstrues the *McDaniels* case. *See* Recon. Mem. 5 (quoting, *inter alia*, *McDaniels v. Flick*, 59 F.3d 446, 461 (3d Cir. 1995)). In *McDaniels*, the court cited to section 754 of Local Agency Law to explain that "a court may hold a de novo hearing." *McDaniels*, 59 F.3d at 461 (citing 2 Pa. C.S. § 754). However, section 754 provides that "the court may hear the appeal de novo, *or may remand the proceedings to the agency . . . for further disposition in accordance with the order of the court*." 2 Pa. C.S. § 754 (emphasis added). The state court reviewing the denial of Bonilla's pension application followed

the second option in section 754. Bonilla's argument that this Court erred because the state appeal process was not de novo review is therefore unfounded.[11]

For all these reasons, Bonilla's full faith and credit argument, *see* Recon. Mem. 6, is also rejected and does not warrant reconsideration.

**D. Bonilla's recent assertion of disputed facts to preclude summary judgment on the breach of contract and fraud claims is frivolous.**

Although Bonilla moved for summary judgment on the breach of contract claim, asserting that there was "no genuine dispute of material fact," *see* Mem. SJ Mot. 4, ECF No. 51-1, since summary judgment was granted in favor of the City he now argues that the Court "failed to see there were disputed material facts and thus did not apply the summary judgment standard correctly," Recon. Mem. 6. Bonilla cannot have it both ways, and a motion for reconsideration is not intended to give an unhappy litigant a "second bite at the apple." *See Bhatnagar by Bhatnagar v. Surrendra Overseas*, 52 F.3d 1220, 1231 (3d Cir. 1995) (finding that the motion for reconsideration was a classic attempt at a "second bite at the apple" where the defendant, after failing in its first effort to persuade the court to dismiss, "simply changed theories and tried again, contradicting its earlier evidence with its factual support for the new theory"). The cases Bonilla cites to support his argument that the Court misapplied Pennsylvania contract law

11 Bonilla's quotation of the *Alvin* case is similarly misplaced. The Motion for Reconsideration states: "[t]o be sure, 'the most thorough and fair post-termination hearing cannot undo' the outright denial of pre-termination procedures." Recon. Mem. 5 (quoting *Alvin v. Suzuki*, 227 F.3d 107, 120 (3d Cir. 2000)). However, the *Alvin* court began this quoted statement: "if the Constitution requires pre-termination procedures, . . . " and ultimately concluded that pre-deprivation notice or a hearing did not violate Alvin's due process rights. *See Alvin*, 227 F.3d at 120-21. Additionally, unlike *Alvin* and the other employment-termination cases cited by Bonilla, the process here involved the application for benefits, not the deprivation of benefits. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 61 n.13 (1999) (holding that only where the plaintiff has established his/her entitlement to benefits and not merely his/her eligibility for benefits is there a property interest protected by the Due Process Clause); *Mathews v. Eldridge*, 424 U.S. 319, 349 (1976) (holding that "an evidentiary hearing is not required prior to the termination of disability benefits").

similarly reflect only his unhappiness with the Court's decision and do not show any error of fact or law. Consequently, whether based on alleged disputed facts or an alleged misapplication of Pennsylvania contract law, Bonilla's Motion for Reconsideration of the breach of contract claims is nothing more than a "request that the Court rethink what [it] had already thought through—rightly or wrongly" and "is not properly founded." *See Pollock*, 665 F. App'x at 218 (internal quotations omitted).

The fraud claim is mentioned only in the last sentence of Bonilla's Memorandum under the section discussing Pennsylvania contract law, in which he states: "If so, and because there were disputed material facts for the jury to decide on integration, the Court erred to grant summary judgment on the fraud and breach of contract claims." Recon. Mem. 7. However, the Opinion clearly explained that the fraud claim, asserted against the City only, was dismissed as a matter of law because the City is immune from tort claims. *See* Opn. 30. The Court's decision had nothing to do with any of the law it discussed when disposing of the breach of contract claim and no facts were discussed, or necessary, in resolving the fraud claim. Bonilla's suggestion that the Court erred in its disposition of the fraud claim is therefore unsupported and wholly meritless.

For all these reasons, the Motion for Reconsideration is denied.

**E. Bonilla's request to certify the decision[12] for interlocutory appeal is denied.**

Bonilla seeks certification for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).[13] He alleges that the decision to grant summary judgment involves controlling law, citing to the First

---

[12] Although Bonilla requests interlocutory appeal of the "Order granting Defendants' [sic] summary judgment," *see* Recon. Mem. 8, because he incorrectly alleges in the Motion for Reconsideration that the Court granted summary judgment to the Pension Board Defendants, as opposed to dismissing the claims against them, the Court construes his request for interlocutory appeal as to the entire Order.

Amendment issue of what constitutes a "public concern." He does not, however, assert that the Court made any error in its interpretation or application of the controlling law. Bonilla's mere statement that there is substantial ground for difference of opinion is not sufficient to carry his burden. Bonilla also submits, without further explanation, that the Court "did not consider all acts of protected activity that were pled but found of them that one was not on a matter of public concern." *See* Recon. Mem. 9. Contrary to this contention, the Court did consider all alleged protected activities as evidenced by, *inter alia*, the Court's explanation that the "matter of public concern" inquiry applied only to the free speech clause of the First Amendment and not to the petition clause. *See* Opn. 25. The Court then determined that Bonilla's allegations failed to satisfy the remaining elements of a First Amendment claim. *See* Opn. 26 ("Bonilla's relentless continuation of his speech and petitioning also makes the Court question whether Defendants took any activity sufficiently adverse to deter a person of ordinary firmness from exercising his rights. Moreover, as with the Title VII and PHRA claims, Bonilla failed to sufficiently allege that Defendants' conduct was prompted or motivated by his protected activity."). Thus, Bonilla has not shown that an immediate appeal regarding the First Amendment claim may materially advance the ultimate termination of the litigation.

Bonilla has similarly failed to show that the Court's decision regarding the breach of contract claim should be certified under § 1292(b). As with most claims in most cases, the

---

[13] Although Bonilla also cites to 28 U.S.C. § 1292(a)(1) in his Motion, he does not address this subsection in his Memorandum. *Cf.* Recon. Mot. ¶ 21, *with* Recon. Mem. 8-10. Therefore, he has not met his burden of showing that the Court's decision might cause "irreparable consequences if not immediately reviewed." *See Carson*, 450 U.S. at 84; *Henry v. St. Croix Alumina LLC*, 416 F. App'x 204, 207 (3d Cir. 2011) (holding that where the challenged order does not mention injunctive relief and is nothing more than an effective denial of injunctive relief, the plaintiff must satisfy *Carson*).
courts apply controlling law. But, a party's mere disagreement with a court's application of that law does not establish a "substantial ground for difference of opinion." As previously discussed, Bonilla's challenge to the disposition of his breach of contract claim is essentially based on his recent allegation that there are disputed material facts. Aside from the cases governing the standards generally applicable to all requests for certification for interlocutory appeal, Bonilla does not cite to a single case in the section of his Memorandum requesting certification for interlocutory appeal. *See* Recon. Mem. 8-10. After also considering the cases cited in other portions of Bonilla's Memorandum regarding the contract claim, integration, fraud in the inducement, and parol evidence, the Court has not found a "substantial ground for difference of opinion." Bonilla has therefore failed to satisfy his burden of proving all elements of § 1292(b). Moreover, this is not the type of exceptional case where an interlocutory appeal should be granted. The request to certify the February 13, 2019 decision for interlocutory appeal is denied.

**IV. CONCLUSION**

Bonilla does not suggest that there has been an intervening change in controlling law, and the "new evidence" presented does not warrant reconsideration because it does not change the Court's conclusions. Although Bonilla refers to a number of alleged errors of fact or law by the Court, many of the alleged errors are based on Bonilla's incorrect interpretation of the law or on Bonilla's misreading of the Opinion. The remaining alleged errors are based on Bonilla's attempt to change an unsuccessful argument and to gain a "second bite at the apple." For all the reasons set forth herein, Bonilla has failed to meet his burden of showing any of the three grounds permitting reconsideration. The Motion for Reconsideration is therefore denied.

Bonilla's request that the Court certify the February 13, 2019 decision for interlocutory appeal is also denied. As explained herein, Bonilla has not shown that an interlocutory appeal is

permitted under 28 U.S.C. § 1292, and this is not the type of exceptional case where an interlocutory appeal should be granted.

A separate order will be issued.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*______
JOSEPH F. LEESON, JR.
United States District Judge