UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AURELLIO BONILLA, <br>           Plaintiff, <br> <br> v. <br> <br> CITY OF ALLENTOWN; CITY OF <br> ALLENTOWN POLICE PENSION FUND <br> ASSOCIATION; ED PAWLOSKI; <br> JUILO GURIDY; RAY O'CONNELL; <br> JOE DAVIS; JEANETTE EICHENWALD; <br> DARYL L. HENDRICKS; CYNTHIA MOTA; <br> PETER SCHWEYER; GARRET STRATHEAM; <br> MARY ELLEN KOVAL; LOUIS COLLINS; <br> IBOLYA BALOG; JAMES GRESS; <br> RYAN KOONS; JEFF GLAZIER; <br> MICHAEL WILLIAMS; and <br> EDUARDO EICHENWALD, <br>           Defendants. | No. 5:14-cv-05212 |

**O P I N I O N**
**Plaintiff's Second Motion for Reconsideration, ECF No. 104- Denied**

**Joseph F. Leeson, Jr.**                                                                      **September 12, 2019**
**United States District Judge**

### I.     BACKGROUND[1]

Plaintiff Aurelio Bonilla, a former police officer with the City of Allentown, filed this civil rights action alleging that he was wrongfully denied a pension. On February 13, 2019, this Court dismissed Bonilla's due process claims[2] without prejudice as premature because the

---
[1]     A detailed recitation of the factual and procedural history is contained in the Court's Opinions dated February 13, 2019, and April 19, 2019, and will not be repeated herein. *See* Opns., ECF Nos. 95, 100-102.
[2]     Bonilla raised other federal and state claims, which the Court disposed of for varying reasons. *See* ECF Nos. 95-96. However, because the instant motion for reconsideration relates only to the due process claims, this Opinion is limited to a discussion of those claims.

pension proceedings were not complete. The instant Opinion addresses Bonilla's second[3] motion to reconsider that decision and to certify the order for interlocutory appeal. Bonilla's motion is based solely on the recent Supreme Court decision in *Knick v. Twp. of Scott*, 139 S. Ct. 2162 (2019). For the reasons set forth below, because *Knick* has no application to Bonilla's due process claims, the motion to reconsider and to certify for an interlocutory appeal is denied.

## II. STANDARDS OF REVIEW

### A. Motion for Reconsideration

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). "Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A motion for reconsideration "is not properly founded on a request that the Court rethink what [it] had already thought through—rightly or wrongly." *Pollock v. Energy Corp. of Am.,* 665 F. App'x 212, 218 (3d Cir. 2016) (internal quotations omitted). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *Cont'l Casualty Co. v. Diversified Indus.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

### B. Certification of Order for Interlocutory Appeal

---

[3] Bonilla's first motion to reconsider and to certify the matter for interlocutory appeal was denied on April 19, 2019. *See* ECF Nos. 97-101.

2
091219

Pursuant to 28 U.S.C. § 1292(b), a court may certify an order for interlocutory appeal when: (1) the order involves a controlling question of law, (2) as to which there is substantial ground for difference of opinion, and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation. *See* 28 U.S.C. § 1292(b). "The party seeking the interlocutory appeal has the burden to establish that all three conditions are met." *Harris v. Kellogg, Brown & Root Servs.*, No. 08-563, 2016 U.S. Dist. LEXIS 56193, at *4 (W.D. Pa. Apr. 27, 2016); *Orson, Inc. v. Miramax Film Corp.*, 867 F. Supp. 319, 320 (E.D. Pa. 1994). "Congress intended that section 1292(b) should be sparingly applied. It is to be used only in exceptional cases where an intermediate appeal may avoid protracted and expensive litigation and is not intended to open the floodgates to a vast number of appeals from interlocutory orders in ordinary litigation." *Milbert v. Bison Labs., Inc.*, 260 F.2d 431, 433 (3d Cir. 1958). Interlocutory appeals are disfavored because (1) "[p]ermitting piecemeal appeals would undermine the independence of the district judge, as well as the special role that individual plays in our judicial system," (2) of the "sensible policy of [avoiding] the obstruction to just claims that would come from permitting the harassment and cost of a succession of separate appeals from the various rulings to which a litigation may give rise," and (3) of "the important purpose of promoting efficient judicial administration." *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 374 (1981) (internal quotations omitted).

A party may also file an interlocutory appeal of orders "granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions, except where a direct review may be had in the Supreme Court." 28 U.S.C. 1292(a)(1). For an interlocutory order to be immediately appealable under § 1292(a)(1), the "litigant must show more than that the order has the practical effect of refusing an injunction." *Carson v. Am. Brands*, 450 U.S. 79,

84 (1981). "Because § 1292(a)(1) was intended to carve out only a limited exception to the final-judgment rule, [the Supreme Court has] construed the statute narrowly to ensure that appeal as of right under § 1292(a)(1) will be available only in circumstances where an appeal will further the statutory purpose of [permitting] litigants to effectually challenge interlocutory orders of serious, perhaps irreparable, consequence." *Id.* (internal quotations omitted). "Unless a litigant can show that an interlocutory order of the district court might have a serious, perhaps irreparable, consequence, and that the order can be effectually challenged only by immediate appeal, the general congressional policy against piecemeal review will preclude interlocutory appeal." *Id.*

## III. ANALYSIS

Bonilla's motion for reconsideration is based entirely upon the Supreme Court's decision in *Knick*. This Court therefore begins its analysis with a brief explanation of the facts and holding thereof.

### A. *Knick* held that a property owner may bring a takings claim in federal court under 42 U.S.C. § 1983 without first exhausting state law remedies.

Rose Mary Knick owned ninety acres of land, part of which included a small graveyard where Knick's neighbor's ancestors were allegedly buried, in Scott Township, Pennsylvania. *See Knick*, 139 S. Ct. at 2168. In 2012, Scott Township passed an ordinance requiring all cemeteries to be open and accessible to the general public during daylight hours. *See id*. Knick sought declaratory and injunctive relief in state court on the ground that the ordinance effected a taking of her property. *See id*. In response, the Township agreed to stay enforcement of the ordinance during the state court proceedings, but the state court declined to rule on Knick's request for relief without an ongoing enforcement action. *See id.* Knick then filed an action in federal court alleging the ordinance violated the Takings Clause of the Fifth Amendment. *See id.*

The District Court dismissed the action because Knick had not pursued an inverse condemnation action in state court, a decision which was affirmed by the Third Circuit Court of Appeals based on *Williamson County Regional Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172 (1985).

On certiorari review, the United States Supreme Court concluded "that the state-litigation requirement imposes an unjustifiable burden on takings plaintiffs [and] conflicts with [other] takings jurisprudence." *See Knick*, 139 S. Ct. at 2167. The Court reasoned that *Williamson County* (holding that a property owner has not suffered a violation of his Fifth Amendment rights until a state court has denied his claim for just compensation under state law), taken in conjunction with *San Remo Hotel, L.P. v. City and County of San Francisco*, 545 U.S. 323 (2005) (requiring federal courts to give deference to a state court's resolution of a takings claim), presented individuals whose property had been taken with a "Catch-22." *See Knick*, 139 S. Ct. at 2167-69. Specifically, an individual whose property had been taken "cannot go to federal court without going to state court first; but if he goes to state court and loses, his claim will be barred in federal court. The federal claim dies aborning." *Id.* at 2167. *Knick* resolved this dilemma by overruling the exhaustion requirement for takings claims established by *Williamson County*, citing to the "Court's longstanding position that a property owner has a constitutional claim to compensation at the time the government deprives him of his property." *See id.* at 2169-77.

**B. Bonilla's reliance on *Knick* is unfounded.**

Bonilla argues that *Knick* presents an intervening change in controlling law that warrants reconsideration of his due process claims. Bonilla contends that the "United States Supreme Court in *Knick, supra* addressed the exhaustion issue, which is the ration[ale] for this district court's stay on the due process claim, trial, and to deny certification." *See* Pl.'s Mem. Supp. Sec.

5
091219

Mot. Recon. 2, ECF No. 104-1. Bonilla's assertion is unfounded for two reasons: (1) this Court's previous Opinion explicitly stated that Bonilla's claims were dismissed (not stayed) as premature (not for failure to exhaust); and (2) *Knick* deals with the narrow subject of takings claims.

Bonilla once again inappropriately combines the doctrines of exhaustion and ripeness.[4] In its Opinion denying Bonilla's first motion for reconsideration, this Court determined that Bonilla's suggestion that the Court imposed an exhaustion requirement on his claims was frivolous. *See* Recon. Opn. 7, ECF No. 100. This Court cited to the challenged February 13, 2019 Opinion, which "specifically explained: '[u]nder the facts of the instant action, however, 'the issue of exhaustion does not have to be addressed because the question here is one of ripeness, not exhaustion.'" *See id.* (quoting Feb. Opn. 22, ECF No. 95 (quoting *Amanto v. Witlin*, 544 F. Supp. 140, 142 (E.D. Pa. 1982))). In denying reconsideration, this Court rejected Bonilla's assertion that his due process claim was ripe upon deprivation and again ruled that the due process claims are "premature" until the state's process (the Pension Board proceedings) is complete. *See* Recon. Opn. 9-10.[5] This decision remains sound after *Knick*.

---

[4] Bonilla also, once again, incorrectly contends that the Court entered a stay on February 13, 2019. As explained to Bonilla in the Opinion denying his first motion for reconsideration, the Court "specifically refused to continue the stay." *See* Recon. Opn. 7, ECF No. 100 (quoting Feb. Opn. 32 (stating that despite Bonilla's request to "stay the motion," "the Court will not continue to stay the instant proceedings")). Bonilla's second request for the Court to reconsider a decision to stay the case, which it never made, is therefore again denied as frivolous.

[5] *See* Recon. Opn. 9-10 (citing *Zinermon v. Burch*, 494 U.S. 113, 126 (1990) (holding that to determine whether the state process was constitutionally adequate, the courts "examine the procedural safeguards built into the statutory or administrative procedure of effecting the deprivation, and any remedies for erroneous deprivations provided by statute or tort law"); *Felmeister v. Office of Attorney Ethics, Div. of N.J. Admin. Office of Courts*, 856 F.2d 529, 535 (3d. Cir. 1998) (holding that "judicial review is premature when an agency has yet to complete its work by arriving at a definite decision"); *Gniotek v. Philadelphia*, 630 F. Supp. 827, 831-32 (E.D. Pa. 1986) ("The plaintiffs' claim of deprivation of property without due process of law is

*Knick* held that "the state-litigation requirement imposes an unjustifiable burden on **takings** plaintiffs" because a violation of the Takings Clause "is complete at the time of the taking." *See Knick*, 139 S. Ct. at 2167, 2177 (emphasis added). A violation of the Due Process Clause, on the other hand, "is not complete when the deprivation occurs; it is not complete unless and until the State fails to provide due process." *Zinermon*, 494 U.S. at 126. Because there would not be a violation of due process if the state provides adequate post-deprivation process, *Knick* determined that "the analogy from the due process context to the takings context is strained." *See Knick*, 139 S. Ct. at 2174. Bonilla's reliance on *Knick* is similarly strained. Thus, there has been no "intervening change in the controlling law" and the Motion for Reconsideration is denied.

### C. Bonilla's request to certify the order for interlocutory appeal is denied.

Bonilla again urges this Court to certify its Order for interlocutory appeal. *See* Pl.'s Mem. Supp. Sec. Mot. Recon. 3. However, as *Knick* is inapplicable to Bonilla's due process claims, he has failed to show how the Order involves a controlling question of law. Further, Bonilla's memorandum merely states that there is a "substantial difference of opinion and that an immediate appeal may materially advance the ultimate termination of the litigation" while failing to explain how such circumstances exist. *See id.* In light of the fact that Congress intended that § 1292(b) be sparingly applied and limited to exceptional circumstances, *see Orson* 867 F. Supp. at 320, Bonilla has failed to meet the substantial burden required to grant a certification of interlocutory appeal. Therefore, Bonilla's request to certify the February 13, 2019 decision for interlocutory appeal is denied.

---

therefore not ripe for determination because apparently the Board is currently reviewing whether plaintiffs will be barred from receiving their pensions.")).

## IV. CONCLUSION

Bonilla's reliance on *Knick*, which was limited to takings claims, does not support reconsideration of the dismissal of his due process claims as it is not an "intervening change in controlling law." For this reason, and because the Court cannot reconsider an order to stay that it never issued, the request for reconsideration of the February 13, 2019 decision is denied. Also denied is Bonilla's request to certify that decision for interlocutory appeal because Bonilla has failed to satisfy any of the elements required for certification.

A separate order will be issued.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge